UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estefani Elizabeth LAZO-SORIA (A-Number: 241-810-012), Petitioner, v. Christopher CHESTNUT, in his official capacity as the Warden of the California City Detention Center; Kristi NOEM, Secretary of the Department of Homeland Security; Pamela BONDI, U.S. Attorney General; in their official capacity; Moises BECERRA, in his official capacity as Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, Respondents. | No.  1:26-cv-02287-KES-CDB (HC) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE Doc. 1 |

Petitioner Estefani Elizabeth Lazo-Soria is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition—namely, that noncitizens released from immigration custody on an Order of Supervision must be provided with notice and informal interview pursuant to 8 C.F.R. § 241.13(i)(3) prior to being re-detained, and that ICE's failure to provide the required notice and informal interview is a due process violation that warrants release.  *See, e.g., Lim v. Mullin*, No. 1:26-CV-02368-KES-EGC (HC), 2026 WL 1284247 (E.D. Cal. May 11, 2026).

1

After the parties filed briefing on the petition, the Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior order in *Lim v. Mullin*, No. 1:26-CV-02368-KES-EGC (HC), 2026 WL 1284247 (E.D. Cal. May 11, 2026), and that would justify denying the petition.  Doc. 10.  Respondents state that they "cannot identify any legal differences from this case and the one in the Court's minute order[.]"  Doc. 11 at 1.  They argue, however, that this case is factually distinct because petitioner is subject to a reinstated order of removal and her withholding of removal proceedings are still pending.  *See id.*

The facts identified by respondents are not a pertinent distinction between this case and *Lim*.  The regulation at issue in *Lim*, 8 C.F.R. § 241.13(i), applies to "[a]ny alien who has been released under an order of supervision," and it sets out the procedures that must be followed to revoke that release.  *See* 8 C.F.R. § 241.13(i)(1)–(3).  Numerous courts, including this Court, have found that § 241.13(i) applies to a noncitizen who is subject to a reinstated order of removal and is released on an Order of Supervision pending withholding of removal proceedings.  *See, e.g.*, *Quiroz Lopez v. Bondi*, No. 2:26-CV-00767, 2026 WL 923370, at *3–4 (W.D. Wash. Apr. 6, 2026); *J.L.R.P. v. Wofford*, No. 1:25-CV-01464-KES-SKO (HC), 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025).  Respondents do not meaningfully contest that this regulation applies and that ICE did not provide the required notice and informal interview, and they do not otherwise make any arguments that were not addressed in *Lim*.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decision in *Lim v. Mullin*, No. 1:26-CV-02368-KES-EGC (HC), 2026 WL 1284247 (E.D. Cal. May 11, 2026), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in *Lim*.

Respondents are ORDERED to release petitioner Estefani Elizabeth Lazo-Soria (A-Number: 241-810-012) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 17, 2026   

_____
UNITED STATES DISTRICT JUDGE

3